Per Curiam.

The sole ground for the vacation of this judgment in this court as indicated by the Supreme Court of the United States was the failure to furnish the bill of exceptions, and we must proceed on that ground.
An examination of the opinion of the Court of Appeals in this case shows that, although seven assignments of error were made in that court, five related to pure questions of law which would not require a bill of exceptions for the disposal thereof. Of the other two, one related to a claim of fraud in procuring the pleas of guilty by appellant on which his subsequent conviction as a habitual criminal was based, this alleged fraud being that certain promises were made to him by the prosecuting attorney. This is a question of fact, and a bill of exceptions is necessary to properly consider this point. The other assignment of error related to an alleged insufficiency or inadequacy of the counsel who had been appointed to represent him during his various trials. Here, clearly, the decision of the Court of Appeals indicates that it was hampered by the lack of a bill of exceptions, the court stating: “In the absence of a bill of exceptions we are unable to find that defendant was denied a substantial right to the effective assistance of counsel.”
Thus, it is clear that the Court of Appeals did not have an opportunity to consider these questions in the light of a bill of exceptions, and appellant is entitled to have his case so considered. Therefore, under the decision of the Supreme Court of the United States, we must remand the cause to the Court of Appeals with instructions to procure a bill of exceptions and re-examine appellant’s arguments in relation to the facts shown therein.

Judgment accordingly.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.